```
           IN THE UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION


CALVIN PAUL WALKER,              §
                                 §
          Petitioner,            §
                                 §
VS.                              §  NO. 4:06-CV-036-A
                                 §
NATHANIEL QUARTERMAN,            §
Director, Texas Department       §
of Criminal Justice,             §
Correctional Institutions        §
Division,                        §
                                 §
          Respondent.            §
```

MEMORANDUM OPINION
and
ORDER

Came on for consideration the above-captioned action wherein Calvin Paul Walker ("Walker") is petitioner and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent.  This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  On October 26, 2006, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any, thereto by November 16, 2006.  Petitioner timely filed his written objections, to which respondent has not made any further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes  a de novo determination of those portions of the proposed findings or recommendations to which specific objection is made.  United

States v. Raddatz, 447 U.S. 667 (1980). The court need not consider any nonspecific objections or any frivolous or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

I.

Background

According to the state appellate record, on the evening of December 7, 2000, Walker and two other men went into a motel room occupied by the victim, Sarah Burns ("Burns"), and her dog. When Walker entered the room he kicked the dog which upset Burns. One of the men left the motel alone to get food and shortly after the other man, K Dog, took the dog and left, leaving Burns and Walker alone in the room. According to testimony given by Burns, Walker proceeded to wrap a cord around her neck and began to strangle her. She attempted to put her hand under the cord to break it but was unsuccessful and Walker continued to strangle her until K Dog pounded on the window and yelled that the cops were there. Walker opened the motel door and while the police officer was attending to Burns, both Walker and K Dog fled the scene. Burns later identified Walker as her attacker in a photographic lineup.

In December of 2001 Walker was tried and convicted by a jury of attempted murder of Burns and was sentenced to life in prison. The Court of Appeals for the Second District of Texas affirmed the conviction in June of 2003 and Walker's petition for discretionary review of the affirmation was refused. On December 14, 2005, the Texas Court of Criminal Appeals denied Walker's

state application for writ of habeas corpus. On January 5, 2006, Walker filed his federal petition for writ of habeas corpus ("petition") in this court.

Walker's petition alleged several violations of his right to effective assistance of counsel, specifically, that Walker's attorney: (1) advised Walker not to testify at trial which resulted in a jury charge without a lesser included offense, (2) did not request that the jury be instructed on lesser included offenses or "sudden passion," (3) did not subpoena favorable witnesses, and (4) did not request that the jury be instructed that Walker's failure to testify could not be used to infer guilt. Walker claims that such conduct amounted to a constitutional violation of his Sixth Amendment right to counsel.

After reviewing Walker's claims, the magistrate judge found that the petition should be denied. Walker, in turn, makes only two specific objections to this finding. First, Walker urges that his lawyer's failure to affirmatively request a lesser included offense instruction was a sufficient ground for disturbing his conviction. See Pet'r's Objections 1-3. Second, Walker argues that his lawyer should have requested a "sudden-passion" jury instruction and that the failure to do so prejudiced Walker. See Pet'r's Objections 3-7.

II.

Analysis

To prevail on an ineffective assistance of counsel claim,

3

petitioner must show, (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Further, before a federal court can grant habeas relief on an ineffective assistance of counsel claim filed pursuant to § 2254, it must find that the state court unreasonably applied the Strickland standard. Santellan v. Cockrell, 271 F.3d 190, 198 (5th Cir. 2001) (citing Williams v. Taylor, 529 U.S. 362, 413); see generally 28 U.S.C. § 2254(d)(1).

Here, both of Walker's ineffective assistance of counsel claims fail to meet the first prong of the Strickland test. First, Walker argues that his lawyer should have proposed a lesser included offense instruction rather than simply objecting to the jury charge that lacked one. However, in objecting to the jury charge, Walker's attorney properly preserved the issue of a lesser included offense instruction for review on appeal, but the appellate court found that Walker was not entitled to such an instruction. Second, Walker alleges that he was prejudiced by his attorney's failure to request a jury instruction on the issue

4

of "sudden passion."[1]  Walker has failed to bring any evidence to the court's attention which would indicate that he was entitled to a "sudden passion" instruction, consequently, his attorney's failure to request such an instruction did not result in any prejudice to Walker.  Neither of Walker's allegations demonstrate that his attorney's conduct fell below an objective standard of reasonableness.  Thus, because Walker has failed to meet the first prong of the <u>Strickland</u> test, no further inquiry is necessary and the court concludes that his objections to the magistrate judge's findings are without merit.

Therefore,

The court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that the petition in this action be, and is hereby, denied.

The court further ORDERS that Walker's motion for discovery filed October 27, 2006, be, and is hereby, denied as moot.

SIGNED November 29, 2006.

       /s/ John McBryde
       JOHN McBRYDE

---

[1] Walker contends that in strangling Burns, he was provoked by her verbal abuse and her dog's snarling and growling at him.  Thus, according to Walker, the jury should have been given a "sudden passion" instruction with the option of reducing his second-degree felony to a felony of the third degree.  However, under Texas law, "sudden passion" is defined as "passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation."  Tex. Penal Code Ann. § 19.02(a)(2).  Further, in order for such passion to have an effect on the punishment given a defendant, it must arise from an "adequate cause."  "'Adequate cause' means cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection."  Tex. Pen. Code Ann. § 19.02(a)(1).

5

United States District Judge